| | |
|---|---|
| TED SHARPENTER, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMARA FINANCIAL, INC., CAROLINA PREMIER BANK, F. DOUGLAS BANKS, DAVID P. BARKDALE, COLEMAN J. CLOUGHERTY, CHARLES R. DAVIS, LYNNE TATUM LITTLE, ROBERT J. MACCUBBIN, JR., TIMOTHY A. TUCKER, THOMAS W. TYREE, SETH WILFONG, SELECT BANCORP, INC., and SELECT BANK & TRUST COMPANY,<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

## **COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## **NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on July 21, 2017 (the "Proposed Transaction") pursuant to which Premara Financial, Inc. ("Premara Financial" or the "Company") and its wholly owned subsidiary, Carolina Premier Bank ("Carolina Bank," and together with Premara Financial, "Premara"), will be acquired by Select Bancorp, Inc. ("Select Bancorp") and its wholly owned subsidiary, Select Bank & Trust Company ("Select Bank," and together with Select Bancorp, "Select").

2. On July 20, 2017, the Board caused Premara to enter into an agreement and plan of

merger and reorganization (the "Merger Agreement") with Select. Pursuant to the terms of the Merger Agreement, shareholders of Premara Financial will receive either (i) 1.0463 shares of Select Bancorp common stock; or (ii) $12.65 in cash. Premara Financial shareholders will have the option to elect the type of consideration that they receive in the Proposed Transaction, subject to proration as provided in the Merger Agreement. The merger consideration will be prorated such that 30% of Premara Financial's outstanding shares is converted to the cash consideration, with the 70% balance of Premara Financial's common stock being converted to the stock consideration.

3. If the Proposed Transaction is approved and completed, Premara Financial will merge with and into Select Bancorp, with Select Bancorp being the surviving bank holding company. Contemporaneous with, or as soon as practicable thereafter, Carolina Bank will be merged with and into Select Bank, with Select Bancorp surviving the bank merger.

4. On September 27, 2017, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

5. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

7. This Court has jurisdiction over defendants because each defendant is either a

corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

9. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Premara common stock.

10. Defendant Premara Financial is a North Carolina corporation and maintains its principal executive offices at 13024 Ballantyne Corporate Place, Suite 100, Charlotte, NC 28277. The Company is a bank holding company and the parent of Carolina Bank. Premara Financial's common stock is traded on the OTCQB under the ticker symbol "PARA."

11. Defendant Carolina Bank is a North Carolina banking corporation, a wholly owned subsidiary of Premara Financial, and a party to the Merger Agreement. Carolina Bank's headquarters are located at 13024 Ballantyne Corporate Place, Suite 100, Charlotte, NC 28277.

12. Defendant F. Douglas Banks ("Banks") is a director of Premara Financial.

13. Defendant David P. Barkdale ("Barksdale") is a director and the President and Chief Executive Officer ("CEO") of Premara Financial.

14. Defendant Coleman J. Clougherty ("Clougherty") is a director of Premara Financial.

15. Defendant Charles R. Davis ("Davis") is a director of Premara Financial.

16. Defendant Lynne Tatum Little ("Little") is a director of Premara Financial.

17. Defendant Robert J. Maccubbin, Jr. ("Maccubbin") is a director of Premara

Financial.

18. Defendant Timothy A. Tucker ("Tucker") is a director of Premara Financial.

19. Defendant Thomas W. Tyree ("Tyree") is a director of Premara Financial.

20. Defendant Seth Wilfong ("Wilfong") is a director of Premara Financial.

21. The defendants identified in paragraphs 12 through 20 are collectively referred to herein as the "Individual Defendants."

22. Defendant Select Bancorp is a North Carolina bank holding corporation and maintains its principal executive offices at 700 W. Cumberland Street, Dunn, NC 28334. Select Bancorp's common stock is traded on the NasdaqGM under the ticker symbol "SLCT."

23. Defendant Select Bank is a North Carolina banking corporation, a wholly owned subsidiary of Select Bancorp, and a party to the Merger Agreement. Select Bank's headquarters are located at 700 W. Cumberland Street, Dunn, NC 28334.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Premara Financial (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25. This action is properly maintainable as a class action.

26. The Class is so numerous that joinder of all members is impracticable. As of July 20, 2017, there were approximately 3,160,268 shares of Premara Financial common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm

4

plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company*

31. Premara Financial was incorporated under the laws of the State of North Carolina on March 25, 2011, to serve as a one-bank holding company of Carolina Bank, and became the holding company for Carolina Bank on May 24, 2011. On May 10, 2011, the shareholders of Carolina Bank approved a plan of corporate reorganization under which Carolina Bank became a wholly-owned subsidiary of Premara Financial, which was organized for that purpose by Carolina Bank board of directors. Pursuant to the reorganization, Premara Financial issued all shares of its common stock in exchange for all of the outstanding common shares of Carolina Bank on May 24, 2011.

5

32. Carolina Bank was chartered on August 27, 2007, and commenced operations as a North Carolina-chartered commercial bank in Charlotte, North Carolina on August 29, 2007 focused on providing banking services to customers located primarily in Charlotte, North Carolina and the surrounding areas. Carolina Bank operates as a full-service bank and is engaged in general commercial and retail banking in the following locations: Charlotte, North Carolina and Rock Hill, Blacksburg and Six Mile, South Carolina.

33. Premara Financial's only business at this time is ownership of Carolina Bank and its primary source of income is any dividends that are declared and paid by Carolina Bank on its common stock. Deposits are the primary source of funds for Carolina Bank's lending and other investing activities. Carolina Bank attracts both short-term and long-term deposits from the general public by offering a variety of accounts and rates and offer statement savings accounts, negotiable order of withdrawal accounts, money market demand accounts, noninterest-bearing accounts, and fixed interest rate certificates with varying maturities. Deposit flows are greatly influenced by economic conditions, the general level of interest rates, competition, and other factors. Carolina Bank's primary sources of revenue are interest and fee income from its lending and investing activities.

34. As of June 30, 2017, Premara had consolidated assets, deposits, and shareholders' equity of approximately $262.7 million, $207.4 million and $25.4 million, respectively.

35. On July 20, 2017, Premara entered into the Merger with Select. The parties anticipate that the Proposed Transaction will close in the fourth quarter of 2017 or first quarter of 2018.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

36. Defendants filed the Registration Statement with the SEC in connection with the

6

Case 3:17-cv-00607-GCM   Document 1   Filed 10/12/17   Page 6 of 15

Proposed Transaction.

37. The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.

38. First, the Registration Statement omits material information regarding Premara's and Select's financial projections, as well as the valuation analyses performed by Premara's financial advisor in connection with the Proposed Transaction, Boenning & Scattergood, Inc. ("Boenning").

39. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

40. The Registration Statement fails to disclose *any* financial projections of Premara, Select, or the pro forma combined company, despite the fact that these projections were used by Boenning in its valuation analyses to support its opinion that the merger consideration is fair to Premara's stockholders. In particular, in connection with Boenning's Discounted Cash Flow Analysis of Premara, Boenning applied certain earnings growth rates to derive the Company's expected future earnings. Boenning also used the Company's projected earnings, dividends, and tangible book value to perform its Present Value Analysis. Finally, in its Pro Forma Merger Analysis, Boenning used projections of each of Premara's and Select's future earnings and tangible book value. The Registration Statement, however, fails to disclose any of the projections of

7

Premara, Select, or the pro forma combined company that were used by Boenning in its analyses.

41. With respect to Boenning's Comparison of Selected Companies analysis, the Registration Statement indicates that Boenning reviewed and compared certain multiples and metrics of a peer group of 17 selected public banks and thrifts, but the Registration Statement fails to disclose the identity of those 17 selected public banks and thrifts, as well as the individual multiples and financial metrics for each of the companies observed by Boenning in its analysis.

42. With respect to Boenning's Analysis of Bank Merger Transactions, the Registration Statement indicates that Boenning reviewed and compared certain multiples and metrics of a group of three transactions consisting of 37 transactions in the aggregate, but the Registration Statement fails to disclose the identity of those 37 transactions, as well as the individual multiples and financial metrics for each of the transactions observed by Boenning in its analysis.

43. With respect to Boenning's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the Company's "dividendable cash flow" used by Boenning; (ii) the manner and years in which Boenning applied the short- and long-term earnings and balance sheet growth rates; (iii) the projections that were reviewed and used by Boenning to perform its analysis; (iv) the actual numeric inputs and assumptions underlying the discount rate selected by Boenning in its analysis; (v) the net present value of Premara common shares for each of the analyses performed by Boenning using the different discount rates selected by Premara (*i.e.*, 12.5% to 16.5% and 35.0% to 45.0%); and (vi) the terminal exit multiples implied by Boenning's analyses.

44. With respect to Boenning's Present Value Analysis, the Registration Statement fails to disclose: (i) the Company's future earnings, dividends and tangible book value, as used by Boenning; (ii) the projected earnings growth, range of assumed price/earnings ratios, and range of assumed price/tangible book value ratios provided by Company management and used by

Boenning; (iii) the actual numeric inputs and assumptions underlying the discount rate selected by Boenning in its analysis; (iv) the present value of Premara common shares for each of the analyses performed by Boenning using the different terminal price/earnings and price/tangible book multiples selected by Premara; and (vi) the perpetuity growth rates implied by Boenning's analyses.

45. With respect to Boenning's Pro Forma Merger Analysis, the Registration Statement fails to disclose: (i) the projections of each of Premara' and Select's earnings and tangible book value, as used by Boenning; and (ii) the actual, quantified assumptions pertaining to costs and expenses associated with the transaction, intangible amortization, opportunity cost of cash and other items.

46. The omission of this material information renders the "Opinion of Premara's Financial Advisor" section of the Registration Statement false and misleading.

47. Second, the Registration Statement omits material information relating to potential conflicts of interest of Boenning. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

48. The Registration Statement states that: "Boenning was engaged in June 2015 by Premara to serve as placement agent for a private placement of common stock. The offering ultimately closed on November 30, 2015, and Boenning was paid a commission for its role." The Registration Statement, however, fails to disclose the amount of compensation that Boenning earned in connection with those services.

49. Further, the Registration Statement states that certain employees of Boenning purchased shares in the private placement offering, but the Registration Statement fails to disclose

9

the amount of shares that were purchased in the offering by the Boenning employees, the price at which the shares were purchased, and whether any of the employees that purchased those shares were involved in the engagement of Boenning in connection with the Proposed Transaction.

50. The Registration Statement also states that Boenning will receive an aggregate fee of 1.50% of the total transaction consideration for its services in connection with the Proposed Transaction, but the Registration Statement fails to quantify and disclose the actual dollar amount that Boenning is expected to earn in connection with the closing of the Proposed Transaction.

51. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Opinion of Premara's Financial Advisor;" and (ii) "Background of the Merger."

52. Third, the Registration Statement omits material information regarding the background of the Proposed Transaction. The Company's stockholders are entitled to an accurate description of the process the directors used in coming to their decision to support the Proposed Transaction.

53. The Registration Statement indicates that, upon the closing of the Proposed Transaction, Individual Defendants Davis and Wilfong will be appointed and serve on the boards of directors of Select. The Registration Statement, however, fails to disclose any information relating to the timing and nature of the communications regarding the post-merger directorships, including who participated in all such communications. The full disclosure of information relating to potential conflicts of interest faced by directors in connection with a merger transaction is necessary to provide stockholders with illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

54. The Registration Statement indicates that 22 parties that were potentially interested

in acquiring Premara entered into confidentiality agreements with Premara. The Registration Statement, however, fails to disclose the terms of those confidentiality agreements, including whether they contain a standstill and/or "don't ask, don't waive" provision that are or were preventing those counterparties from submitting superior offers to acquire the Company.

55. Further, the Registration Statement states that three of the interested parties, including Select, submitted non-binding indications of interest to acquire the Company, but the Registration Statement only discloses the terms of the offer submitted by Select. The Registration Statement must disclose the terms of the offers submitted by the other two interested parties so that stockholders can decide for themselves whether Select's offer was in the stockholders' best interests.

56. The Registration Statement indicates that the Premara Board determined to enter the Company into an exclusivity agreement with Select on or around May 18, 2017. The Registration Statement fails to disclose whether any parties reached out to Premara or its affiliates regarding submitting a new or revised merger proposal during the pendency of the exclusivity period, and if so, Premara's response to those parties.

57. The omission of this material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) "Background of the Merger;" and (ii) "Premara's Directors and Officers Have Financial Interests in the Merger."

58. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Premara's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Premara**

59. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

60. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Premara is liable as the issuer of these statements.

61. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

62. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

63. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

64. The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

65. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

66. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Select

67. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

68. The Individual Defendants and Select acted as controlling persons of Premara within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Premara and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

69. Each of the Individual Defendants and Select was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

70. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Registration Statement.

71. Select also had direct supervisory control over the composition of the Registration

Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

72. By virtue of the foregoing, the Individual Defendants and Select violated Section 20(a) of the 1934 Act.

73. As set forth above, the Individual Defendants and Select had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

14

Case 3:17-cv-00607-GCM   Document 1   Filed 10/12/17   Page 14 of 15

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: October 12, 2017

**WARD BLACK LAW**

By: /s/Janet Ward Black

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Tel.: (302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Tel.: (484) 324-6800

Janet Ward Black
NC Bar No. 12869
Nancy Meyers
NC Bar No. 23339
208 West Wendover Avenue
Greensboro, NC 27401
Tel.: (336) 333-2244
Fax: (336) 379-9415
jwblack@wardblacklaw.com

*Attorneys for Plaintiff*